1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                       **EASTERN DIVISION**

11

12   EUGENE PAUL, JR.,              )     No.  EDCV 07-1595 CW
                                    )
13                   Plaintiff,     )     DECISION AND ORDER
               v.                   )
14                                  )
     MICHAEL J. ASTRUE,             )
15   Commissioner, Social          )
     Security Administration,       )
16                                  )
                     Defendant.     )
17   _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21   review of the Commissioner's denial of disability benefits.  As

22   discussed below, the court finds that the Commissioner's decision

23   should be reversed and this matter remanded for further proceedings.

24                       **I.   BACKGROUND**

25       Plaintiff Eugene Paul was born on September 9, 1953, and was

26   fifty-three years old at the time of his administrative hearing.

27   [Administrative Record ("AR") 48, 252.]  He has three years of college

28   education and past relevant work experience as a production worker and

                                    1

telemarketer. [AR 18, 256.]  Plaintiff alleges disability on the basis
of anxiety and depression, high blood pressure, a ruptured left ear
drum and gout. [AR 30.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on December 3, 2007, and filed
on December 14, 2007.  On August 19, 2008, defendant filed an answer
and plaintiff's Administrative Record ("AR").  On November 25, 2008,
the parties filed their Joint Stipulation ("JS") identifying matters
not in dispute, issues in dispute, the positions of the parties, and
the relief sought by each party.  This matter has been taken under
submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and
supplemental security income ("SSI") on September 13, 2005, alleging
disability since August 29, 2005. [AR 48, 236.]  After the application
was denied initially and upon reconsideration, plaintiff requested an
administrative hearing, which was held on July 10, 2007, before
Administrative Law Judge ("ALJ") Barry S. Brown. [AR 252.]  Plaintiff
appeared with a representative and testified. [AR 253, 254.]  The ALJ
denied benefits in a decision filed on August 20, 2007. [AR 13-19.]
When the Appeals Council denied review on November 9, 2007, the ALJ's
decision became the Commissioner's final decision. [AR 5-7.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of
legal error and supported by substantial evidence.  However, if the
court determines that a finding is based on legal error or is not

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial

3

1    gainful activity?  If so, the claimant is found not
     disabled.  If not, proceed to step two.
2         Step two: Does the claimant have a "severe" impairment?
     If so, proceed to step three.  If not, then a finding of not
3    disabled is appropriate.
          Step three: Does the claimant's impairment or
4    combination of impairments meet or equal an impairment
     listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
5    so, the claimant is automatically determined disabled.  If
     not, proceed to step four.
6         Step four: Is the claimant capable of performing his
     past work?  If so, the claimant is not disabled.  If not,
7    proceed to step five.
          Step five: Does the claimant have the residual
8    functional capacity to perform any other work?  If so, the
     claimant is not disabled.  If not, the claimant is disabled.
9

10   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

11   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

12   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

13   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

14   "not disabled" at any step, there is no need to complete further

15   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

16        Claimants have the burden of proof at steps one through four,

17   subject to the presumption that Social Security hearings are non-

18   adversarial, and to the Commissioner's affirmative duty to assist

19   claimants in fully developing the record even if they are represented

20   by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

21   1288.  If this burden is met, a prima facie case of disability is

22   made, and the burden shifts to the Commissioner (at step five) to

23   prove that, considering residual functional capacity ("RFC")[1], age,

24

25        [1]  Residual functional capacity measures what a claimant can
     still do despite existing "exertional" (strength-related) and
26   "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
     n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
27   work without directly limiting strength, and include mental, sensory,
     postural, manipulative, and environmental limitations.  Penny v.
28   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

                                    4

education, and work experience, a claimant can perform other work

which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial

gainful activity since his alleged disability onset date (step one);

that plaintiff had "severe" impairments, namely hypertension and

hepatitis C (step two); and that plaintiff did not have an impairment

or combination of impairments that met or equaled a "listing" (step

three). [AR 15.]  Plaintiff was found to have an RFC for the full

range of light work. [<u>Id.</u>] Based on plaintiff's RFC and evidence of

his past relevant work as it was defined in the Dictionary of

Occupational Titles ("DOT"), the ALJ found plaintiff able to return to

his past relevant work as a production worker or telemarketer (step

four). [AR 18.]  Accordingly, plaintiff was found not "disabled" as

defined by the Social Security Act. [<u>Id.</u>]

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed

issues:

1.  Whether the ALJ properly considered the opinion of Dr.

Shaniah Sicariaz-Lambert, an examining physician;

2.  Whether the ALJ properly considered the opinion of Dr.

Ernest Bagner, an examining physician;

3.  Whether the ALJ properly evaluated plaintiff's ability to

return to his past relevant work; and

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

4.   Whether the ALJ properly considered plaintiff's mental and
     physical impairments as reflected in the opinions of Drs.
     Lambert and Bagner.

[JS 2.]

As discussed below, Issue Two is dispositive.

**D.   ISSUES ONE AND FOUR: DR. LAMBERT**

According to the record, plaintiff stated he was injured in
August 2005, during Hurricane Katrina, when an object struck his head,
rupturing his left eardrum. [AR 182.]  In October 2005, plaintiff
underwent an internal medicine evaluation conducted by Dr. Lambert.
[AR 170-74.]  Plaintiff complained of shortness of breath and chest
pain. [AR 170.]  Plaintiff also reported, among other things, a
history of hypertension, hepatitis C without a history of jaundice,
and that he has been smoking cigarettes for thirty-six years. [AR
171.]  Dr. Lambert conducted a physical examination, but no medical
records were submitted for her review. [AR 171-73.]  Upon examining
plaintiff's head, ears, eyes, nose and throat, Dr. Lambert noted they
were "normocephalic without evidence of previous trauma." [AR 172.]
Dr. Lambert diagnosed plaintiff with shortness of breath, hypertension
currently well controlled, and hepatitis C without significant
evidence of liver decompensation. [AR 174.]  In her functional
assessment, Dr. Lambert stated that plaintiff should be limited to
work consistent with a medium exertional level, but with pulmonary
limitations against exposure to dust, pollen, cigarette smoke and
noxious elements, among other things.[2]

---

[2]  Dr. Lambert specifically stated that plaintiff was capable of
pushing, pulling, lifting and carrying fifty pounds occasionally and
twenty-five pounds frequently; standing, walking, and sitting without

1    In the administrative opinion, the ALJ summarized Dr. Lambert's
2  examining opinion, including her findings, as noted above, of
3  plaintiff's history of hypertension and hepatitis C without liver
4  decompensation, and his functional limitation to medium work with
5  certain pulmonary restrictions, such as avoidance of dust, pollen or
6  smoke, but also noted plaintiff's long history of smoking. [AR 17.]
7  The ALJ took Dr. Lambert's opinion into account in the sequential
8  evaluation by finding that plaintiff's hypertension and hepatitis C
9  were severe impairments at step two; however, the ALJ's final RFC
10 assessment of the full range of light work was more restrictive
11 exertionally than Dr. Lambert's functional assessment of medium work
12 but did not include the pulmonary restrictions against dust, pollen,
13 cigarette smoke and noxious elements. [AR 15.]

14   In Issues One and Four, Plaintiff argues that the ALJ did not
15 properly take into account Dr. Lambert's opinion because the pulmonary
16 restrictions[3] were excluded in the ALJ's RFC assessment. [JS 3, 13.]
17 The ALJ appears, however, to have rejected these restrictions as
18 futile in light of plaintiff's long history of smoking cigarettes. [AR
19 17.]  Moreover, other than Dr. Lambert's opinion, the record contains
20 no evidence that plaintiff suffered from conditions requiring such
21 restrictions, and even Dr. Lambert's opinion itself must be fairly

22

23

24 restriction; postural activities without restriction; restricted from
   any activities requiring agility, such as climbing ladders, walking on
25 uneven terrain, or working at heights; restricted from exposure to
   dust, pollen, cigarette smoke and noxious elements; and capable of
26 hearing, seeing and using his hands without restriction. [AR 174.]

27   [3] Upon review of Dr. Lambert's pulmonary restrictions, a state
   agency review physician determined that plaintiff should "avoid
28 concentrated exposure" to fumes, odors, dusts, gases, poor
   ventilation, etc. [AR 203.]

7

read, on the whole, as consistent with the ALJ's conclusion that plaintiff lacks significant non-exertional functional limitations restricting him from work.  Even assuming that the ALJ improperly ignored the restrictions, any such error was harmless because there is no evidence that the named irritants have an excessive presence in plaintiff's past occupations or in most occupations.  <u>See generally</u> <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding harmless ALJ's failure to incorporate limitations identified by medical sources when jobs at issue infrequently required restricted functions); <u>see also</u> Dictionary of Occupational Titles ("DOT") Section 229.357-014 ("Telephone Solicitor")[4]; Social Security Ruling ("SSR") 85-15, 1985 WL 56857 at *8 ("Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc.")

### E.   ISSUE TWO: DR. BAGNER

In May 2006, plaintiff underwent a complete psychiatric evaluation conducted by Dr. Ernest Bagner. [AR 209-212.]  Plaintiff reported depression, nervousness, feelings of helplessness and hopelessness and difficulty with concentration and memory; he also reported a psychiatric hospitalization for drugs but that he has been sober for six months. [AR 209, 210, 211.]  Dr. Bagner noted that plaintiff's current level of functioning included cleaning, cooking, watching television, and that he is able to manage money and take the bus. [AR 210.]  Upon mental status examination, Dr. Bagner observed,

---

[4]   The ALJ did not cite the DOT numbers corresponding to plaintiff's past work as a production worker and telemarketer; only the telemarketing job was readily found in the DOT. [AR 18.]

1  among other things, a constricted affect, mild slurring of speech,

2  tight thought processes, average intelligence, fair insight and

3  judgment, and normal reality contact. [AR 211.]  Dr. Bagner made a

4  diagnosis of polysubstance abuse in remission. [Id.]  As for

5  limitations, Dr. Bagner wrote that plaintiff would have zero to mild

6  limitations maintaining concentration and attention and completing

7  simple tasks; mild limitations interacting with supervisors, peers,

8  and the public and completing a normal workweek without interruption;

9  and mild to moderate limitations handling normal stresses at work.

10  [Id.]

11      In the decision, the ALJ summarized Dr. Bagner's opinion,

12  including the functional limitations above. [AR 17.]  However, the ALJ

13  did not refer to any mental impairment at step two of the sequential

14  evaluation nor include the functional limitations in the RFC

15  determination. [AR 15.]  The ALJ also found that plaintiff's "mental

16  impairments are all secondary to his drug abuse, which appears to be

17  in remission." [AR 18.]  Plaintiff argues that reversal is required

18  because Dr. Bagner's opinion was not properly considered. [JS 6.]

19      Although it appears that the ALJ found that plaintiff did not

20  have a severe mental impairment, it was error to exclude the

21  functional limitations set out by Dr. Bagner without first providing

22  an explanation for doing so.  The ALJ is required to consider all of

23  the limitations imposed by the claimant's impairments, even those that

24  are not severe; even though a non-severe impairment standing alone may

25  not significantly limit an individual's ability to do basic work

26  activities it may – when considered with limitations or restrictions

27  due to other impairments – be critical to the outcome of a claim.  SSR

28  96-8p, 1996 WL 374184 at *5; Carmickle v. Commissioner, 533 F.3d 1155,

1164 (9th Cir. 2008); <u>Celaya v. Halter</u>, 332 F.3d 1177, 1182 (9th Cir. 2003).  Moreover, plaintiff's alleged mental impairment should have been accounted for in the sequential evaluation process even if the impairment was attributed wholly to plaintiff's history of drug abuse. <u>See</u> <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001). Accordingly, remand is required for reassessment of plaintiff's RFC, including all of his relevant limitations.

**F.   ISSUE THREE: PAST RELEVANT WORK**

In light of the decision above, the ALJ will reassess the step four conclusion and, if necessary, proceed to step five.

**G.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>. Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

1

**V.   <u>ORDERS</u>**

2     Accordingly, **IT IS ORDERED** that:

3     1.   The decision of the Commissioner is **REVERSED**.

4     2.   This action is **REMANDED** to defendant, pursuant to Sentence

5 Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6 above.

7     3.   The Clerk of the Court shall serve this Decision and Order

8 and the Judgment herein on all parties or counsel.

9

10 DATED:   January 8, 2009

11                            _____/S/_____
                                 CARLA M. WOEHRLE
12                           United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11